## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

        v.                         CR. No. 86-016-08-ML

ALAN LLOYD SESS

### <u>MEMORANDUM AND ORDER</u>

MARY M. LISI, Chief District Judge.

Defendant Alan Lloyd Sess ("Sess") has filed a motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Sess, who is currently incarcerated at a Bureau of Prisons ("BOP") facility in the District of New Jersey, seeks to move up his release date by seven months on the ground that the BOP has miscalculated his prison sentence. For the reasons that follow, Sess's motion is denied.

### I.  Background and Travel

On October 17, 1986, following a guilty plea to possession with intent to distribute more than 1,000 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Sess was sentenced to eight years imprisonment and a $125,000 fine.[1] After Sess - who had been allowed to self-surrender - failed to appear at

---

[1]
Sess disputes that his sentence included a $125,000 fine; his disagreement is not significant for the Court's analysis.

1

the designated BOP facility to begin his sentence, a warrant for his arrest was issued on December 8, 1986. Subsequently, Sess was indicted *in absentia* for failure to appear in violation of 18 U.S.C. § 3146 and another warrant for his arrest was issued.

In February 2001, Sess was arrested in Spain on the warrants issued by this Court as well as separate warrants from the Eastern District of New York related to importations of large quantities of marijuana after 1986. On November 18, 2002, after Sess had been returned to the United States to answer the charges against him, he was arraigned in the Eastern District of New York. Sess pled guilty to the charges and, on November 17, 2006, he was sentenced to 100 months imprisonment and five years supervised release. The judgment was silent as to whether this sentence was to run concurrently or consecutively to the Rhode Island sentence imposed on Sess in 1986. See Docket # 4-1 at 5 of 12. Sess appealed from this conviction, but later withdrew that appeal.

On September 16, 2009, Sess filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, seeking a release from incarceration prior to the April 14, 2014 release date calculated by the BOP. The New Jersey District Court rejected Sess's challenge. The Court concluded, *inter alia*, that the 2006 New York sentence was correctly calculated as running consecutively to the 1986 Rhode Island sentence because the New York sentence had not

been specifically imposed to run concurrently.[2] Sess filed an appeal from the denial of his petition. On April 27, 2011, the Third Circuit Court of Appeals affirmed the judgment of the New Jersey District Court. Sess v. United States of America, 425 Fed. Appx. 125 (3d Cir. 2011).

Sess then filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) in this Court, in which he raised the same issues previously raised (and rejected) in the New Jersey District Court. (Docket # 1). The government has filed an objection (Docket # 4) on the grounds of (1) lack of jurisdiction, (2) res judicata, and (3) venue. Sess has filed a reply. (Docket # 4).

## II. Relief under Rule 60(b)(1)

According to Sess's motion, he seeks relief from judgment "pursuant to FRCP 60(b)(1), to correct mistakes, inadvertence, surprise, or excusable neglect." Sess Mot. at 7. Pursuant to Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

"Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal

---

[2]

Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Rules of Civil Procedure are not applicable to criminal cases." Gray v. United States, 385 Fed. Appx. 160, 162 (3d Cir. 2010); United States v. Conaway, 409 Fed. Appx. 247 (11th Cir. 2010);(United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (noting that "Rule 60(b) simply does not provide for relief from judgment in a criminal case."); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, ...")(emphasis added).

A federal prisoner who wishes to challenge his criminal conviction must file a motion pursuant to 28 U.S.C. § 2255; "he may not 'avoid this process by resorting to Federal Rules of [Civil] Procedure.'" United States v. Ballard, 855 F. Supp.2d 406, 414 (E.D.Pa. Apr. 13, 2012)(quoting United States v. Dillon, 229 Fed.Appx. 196, 197 (3d Cir.2007)). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in limited circumstances, Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004); see Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), it cannot be used to challenge a criminal conviction or sentence. Sess never sought *habeas* relief in this Court; therefore, a Rule 60(b) motion is not appropriate.

Because Rule 60(b) is not available to a defendant who seeks relief from a judgment in a criminal case, the Court need not address the remaining objections, although the government's points are well taken. Sess's motion was filed 25 years after the judgment

4

against him was entered in this Court; his claims have already been fully addressed and rejected by the New Jersey District Court, <u>see</u> <u>Sess v. United States of America</u>, 425 Fed. Appx. 125 (3d Cir. 2011), and Sess is not, in fact, challenging the conviction, sentence, or judgment in his Rhode Island criminal case; instead, he seeks to re-litigate the already affirmed calculation of his release date by the BOP.

### Conclusion

For the foregoing reasons, Sess's motion for relief from judgment pursuant to Rule 60(b)(1) is DENIED.


SO ORDERED.


<u>/s/ Mary M. Lisi</u>

Mary M. Lisi

Chief United States District Judge


March 13, 2013